United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CORREA VENTOSILLA,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER, *et al.*,<br>Respondents. | Case No. 1:26-cv-08995-NW<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: ECF Nos. 1, 3 |

Petitioner Antonio Correa Ventosilla is an immigration detainee currently awaiting the outcome of his removal proceedings. In his petition for writ of habeas corpus and motion for a temporary restraining order, he alleges that his re-detention without notice or a pre-deprivation hearing violates his Fifth Amendment right to due process. *See* ECF No. 1 at 7. The Court agrees, and orders Petitioner's immediate release.

## I. BACKGROUND

Petitioner alleges the following in his petition and TRO. He first entered the United States by crossing the Yuma, Arizona border in July 2022, and was promptly detained by Customs and Border Patrol. ECF No. 7 at 11. He was released from custody several days later on his own recognizance. *Id.*

Records submitted by Respondents further show that Petitioner was placed into the "Alternative to Detention Program" ("ATD") when he was released, which subjected him to electronic monitoring. ECF No. 9-3 at 1. Several months after his release from custody, Petitioner was served with a Notice to Appear, designating him as a noncitizen "present in the United States who has not been admitted or paroled" and placing him in removal proceedings.

ECF No. 9-2 at 1. Petitioner was re-detained in June 2026. ECF No. 1 at 5. He received a bond hearing before the Immigration Court in August 2026, and was denied release with the immigration judge finding that Petitioner was mandatorily detained under 8 U.S.C. § 1225(b)(2). ECF No. 9-7 at 3–4. ECF No. 9-7 at 1–26. Respondents' records further state that Petitioner has no criminal history. ECF No. 9-4 at 3.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Shortly after filing the petition and TRO, the Court set a briefing schedule and directed Respondents to address whether any provision of law or fact in this case would distinguish it from prior cases where the Court found that noncitizens previously released by immigration authorities on their own recognizance (i.e., conditional parole) are entitled to further process before ICE can summarily revoke the noncitizens' parole. *See* ECF No. 8 (citing *Avila v. Warden, Golden State Annex*, No. 1:26-CV-04274-NW, 2026 WL 2339411 (E.D. Cal. Aug. 12, 2026); *Kumar v. Becerra*, No. 1:26-CV-05926-NW, 2026 WL 2260112 (E.D. Cal. Aug. 4, 2026)). Respondents filed a timely response to the Court's order to show cause, stating that this case is distinguishable from *Avila* and *Kumar* because Petitioner violated the conditions of his parole. ECF No. 9 at 1. Specifically, Respondents allege that Petitioner missed four ICE check-ins, one ICE office visit,

and traveled outside of the "permitted geographic zone" twice. *Id.* at 2; ECF No. 9-4 at 3. They further argue that this case is distinguishable because Petitioner received an individualized bond hearing in August 2026 where release was denied. ECF No. 9 at 4; ECF No. 9-7 at 1–26. These arguments lack merit.

First, pursuant to the reasoning in *Avila* and *Kumar*, Petitioner is entitled to relief on his due process claim. Petitioner has a clear liberty interest in his continued freedom following his release from DHS custody in 2022. *See, e.g.*, *Jaraba Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2026 WL 1162724, at *5 (N.D. Cal. Apr. 29, 2026) ("Petitioner has a substantial private interest in remaining out of immigration custody because she has been released pending civil removal proceedings"); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [the noncitizen] have a liberty interest in remaining out of custody on bond."); *Pinchi v. Noem*, 792 F.Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), Petitioner has a substantial private interest in maintaining his out-of-custody status following his grant of conditional parole, the risk of erroneous deprivation without notice of the basis for the revocation of his release and an individualized hearing is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

In response to Respondents' argument that Petitioner's detention was lawful because of his alleged parole violations, Petitioner adamantly disputes that any violation occurred. ECF No. 10 at 1–3. But regardless of whether these violations occurred, Petitioner was entitled to notice of the violations and an opportunity to dispute the revocation of his release before or at least promptly after he was detained. The fact that the Government did not provide this process suggests that reference to the violations here is a pre-textual basis for his detention and was not the true basis at the time of Petitioner's arrest. *See Sidhu v. Andrews,* No. 1:26-CV-8289-JLT-EPG, 2026 WL 3320744, at *2 (E.D. Cal. Nov. 3, 2026). Accordingly, failure to provide Petitioner with any

United States District Court
Eastern District of California

process prior to or promptly after revocation of his parole was a due process violation. *See, e.g.*, *Aguilar-Mazariegos v. Mullin,* No. 26CV3758-LL-AHG, 2026 WL 2188209, at *2 (S.D. Cal. July 29, 2026); *Sukhvir S., v. Robbins*, No. 1:26-CV-08743-TLN-CKD, 2026 WL 3268664, at *3–4 (E.D. Cal. Oct. 30, 2026).

The hearing that Petitioner received did not cure this due process violation. Though Respondents represent in their briefing that the hearing was "individualized[,]" the actual order tells a different story. ECF No. 9 at 4. The immigration judge did not consider Petitioner's alleged parole violations, or anything relevant to flight risk. Rather, the immigration judge found that it lacked jurisdiction to grant bond because Petitioner was mandatorily detained under § 1225(b)(2). ECF No. 9-7 at 3–4.

The immigration judge then not only failed to provide Petitioner with due process, but it also misapplied Ninth Circuit authority. Shortly before Petitioner's bond hearing, the Ninth Circuit rejected this application of § 1225(b)(2), holding that noncitizens like Petitioner "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). In contrast to detention under § 1225(b)(2), which is mandatory, detention under § 1226(a) is discretionary, and noncitizens may be released on bond or conditional parole. *See* 8 U.S.C. § 1226(a)(2)(A)-(B). In sum, the immigration judge *should* have made an individualized assessment as to whether Petitioner's continued detention was necessary. Its failure to do so then plainly did not cure the due process violation here.

## IV. CONCLUSION

For the reasons above, the petition for writ of habeas corpus is GRANTED. The Court ORDERS Respondents to immediately release Petitioner from their custody. The Government is permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and

Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which the Government may detain Petitioner in the event he becomes subject to an executable final order of removal, or if exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

Petitioner's motion for a temporary restraining order is DENIED as having been rendered moot by this order granting him habeas relief. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

**IT IS SO ORDERED.**

Dated: November 20, 2026

Noël Wise
United States District Judge